```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

WILLIAM H. POPE                                           PLAINTIFF

VS.                           CIVIL ACTION NO. 3:13-cv-870(DCB)(MTP)

MICHAEL J. ASTRUE [1]
Commissioner of Social Security Administration            DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court pursuant to the plaintiff's brief in support of judicial review (docket entry 11); the Commissioner's motion to affirm **(docket entry 14);** the plaintiff's response in opposition to defendant's motion to affirm (docket entry 16); the Report and Recommendation **(docket entry 17)** of United States Magistrate Judge Michael T. Parker, which recommends that the Commissioner's motion to affirm be granted in part, and that this matter be remanded in part to the Commissioner for further findings; the Commissioner's objection thereto (docket entry 18); and the plaintiff's response to the Commissioner's objection (docket entry 19).  Having carefully considered the pleadings and the applicable law, and being fully advised in the premises, the Court finds that the Report and Recommendation of the Magistrate Judge should be adopted for the reasons herein set forth.

On February 9, 2010, the plaintiff filed a Title II

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the acting Commissioner of the Social Security Administration.

application for a Period of Disability and Disability Benefits beginning May 16, 2007.  The claim was initially denied and again denied on reconsideration, which led the plaintiff to request a hearing before an Administrative Law Judge("ALJ").  The plaintiff received his hearing on February 3, 2011, and ALJ Willie Rose rendered his decision to deny the Plaintiff's claim on March 1, 2011.  The plaintiff proceeded to file his application to the Appeals Council on April 14, 2011, and on April 18, 2012, the Appeals Council informed the plaintiff that his appeal had been denied.  The plaintiff filed his claim before this Court on June 15, 2012.

   The ALJ's decision of March 1, 2011, found that the plaintiff was not disabled.  At Step One of the five-step evaluation process, the ALJ found that the plaintiff had not engaged in any substantial gainful activity since May 16, 2007, the alleged onset date.  At Step Two, he found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the lumbar spine, bipolar disorder, and a history of opioid dependency.

   At Step Three, the ALJ determined that the plaintiff does not have an impairment, or combination of impairments, that meets or medically equals Listing 1.04, 12.04, or 12.09.  Next, the ALJ examined the plaintiff's Residual Functional Capacity ("RFC") and found that he retained the capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently, sit for six hours in

an eight-hour work day, stand and/or walk for six hours in an eight-hour work day, and perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Additionally, the ALJ noted that the plaintiff can perform simple, repetitive tasks, and can carry out detailed instructions and tasks with moderate limitations. Finally, the ALJ found that the Plaintiff can occasionally, but not frequently, work with the general public, have occasional contact with co-workers and supervisors, and become accustomed to occasional and gradual changes in the work place, rather than frequent or dramatic changes. In making this determination, the ALJ considered Plaintiff's symptoms and the extent to which they can be reasonably accepted as consistent with the objective medical evidence and other evidence, and also considered opinion evidence.

At Step Four, the ALJ found that the plaintiff was unable to perform any past relevant work, including that of a sales representative, a waiter, and a psychiatric technician. Finally, at Step Five, the ALJ concluded that the plaintiff could perform a significant number of jobs in the national economy. The ALJ based this conclusion on Plaintiff's age, educational background, work experience, RFC Assessment, and testimony from the vocational expert. These jobs included a silverware wrapper, a mail sorter, and a textile sorter. Accordingly, the ALJ found that the plaintiff was not disabled.

This Court's review of the Commissioner's decision is limited to inquiry into whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. Hollis v. Bowen, 837 F.2d 1378, 1382 (5th Cir. 1988). The Court may not re-weigh the evidence, try the issues de novo, or substitute its judgment for the Commissioner's.

The issue in this case is whether the ALJ's Step Three determination was erroneous and contrary to law. The plaintiff argues that the record supports a finding that the plaintiff's mental impairments meet or medically equal Listing 12.04, which provides:

> 12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The ALJ concluded that the plaintiff did not meet the requirements of Listing 12.04. In his Report and Recommendation, Magistrate Judge Parker finds there is sufficient evidence to support the ALJ's findings, and the Court adopts this finding for the reasons set forth therein.

The plaintiff also argues that he meets the criteria for Listing 1.04(A)(disorders of the spine):

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise

of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

The ALJ also concluded that the plaintiff did not meet the requirements of Listing 1.04(A).

The plaintiff argues that the ALJ's bare statement that "Specific consideration was given to Listing 1.04, disorders of the spine," with no explanation, was clearly deficient and contrary to law. See Audler v. Astrue, 501 F.3d 446 (5th Cir. 2007).

In his Report and Recommendation, Magistrate Judge Parker finds that the ALJ summarily concluded that the plaintiff did not have an impairment or combination of impairments that met or medically equaled Listing 1.04(A) with no explanation of evidence to support his conclusion, making it impossible for the court to determine whether the ALJ's decision is supported by substantial evidence. The Magistrate Judge notes that the court is not concluding that the ALJ's decision is not supported by substantial evidence, but that it is simply unclear whether his decision is supported by substantial evidence since no explanation was provided. Furthermore, the Magistrate Judge finds that the ALJ's failure to provide an explanation or evidence to support his decision was not harmless error.

Magistrate Judge Parker notes that the ALJ found that the plaintiff suffers from degenerative disc disease of the lumbar spine, a severe impairment. Furthermore, the plaintiff cited to medical records reflecting a positive bowstring sign, bilaterally, in January of 2010. The plaintiff asserts that a positive bowstring sign can indicate nerve root impingement. The record also reveals moderate limitation of motion in the plaintiff's lumbar region, diminished sensation to right foot, moderate weakness in left foot, and prominent mechanical findings in the low back indicating nerve root irritation. The record also indicates positive straight leg tests in January of 2010.

The Report and Recommendation concludes that the plaintiff has presented *prima facie* evidence indicating that he meets the criteria for Listing 1.04(A). Thus, the plaintiff's rights were substantially affected by the ALJ's failure to provide an explanation for his determination at Step Three that the plaintiff failed to meet the requirements of Listing 1.04(A). Accordingly, Magistrate Judge Parker recommends that this case be remanded to the Commissioner for additional proceedings and an explanation regarding the previous finding at Step Three that the plaintiff does not have an impairment, or combination of impairments, that meets or medically equals Listing 1.04. See Audler, 501 F.3d at 448.

In response to the Report and Recommendation, the Commissioner

asserts that substantial evidence supports the ALJ's decision. However, the issue is whether the ALJ offered sufficient explanation of the evidence to support his conclusion. The Report and Recommendation finds that he did not, making it impossible for the court to determine whether the decision is supported by substantial evidence. The Court recognizes that it is not required to afford deference to the magistrate judge's conclusions, but it is obligated to afford the ALJ's decision deference. Nevertheless, as Magistrate Judge Parker noted, the court is not concluding that the ALJ's decision is not supported by substantial evidence, but that it is simply unclear whether his decision is supported by substantial evidence since no explanation was provided.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 17)** of Magistrate Judge Parker is adopted as the Order of this Court;

FURTHER ORDERED that the findings of fact and conclusions of law contained therein are adopted as the findings of fact and conclusions of law of this Court;

FURTHER ORDERED that the Commissioner's motion to affirm **(docket entry 14)** is granted in part (granted as to the Commissioner's finding that the plaintiff did not meet the requirements of Listing 12.04);

FURTHER ORDERED that this case is remanded to the Commissioner

for additional proceedings and an explanation regarding the previous finding at Step Three that the plaintiff does not have an impairment, or combination of impairments, that meets or medically equals Listing 1.04.

    SO ORDERED, this the 31st day of March, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
