IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM H. POPE                                                      PLAINTIFF

VS.                                CIVIL ACTION NO. 3:13-cv-870(DCB)(MTP)

MICHAEL J. ASTRUE [1]
Commissioner of Social Security Administration           DEFENDANT

ORDER AWARDING ATTORNEY FEES

This cause is before the Court pursuant to the Plaintiff's Petition for Attorney Fees **(docket entry 21)** filed by plaintiff William H. Pope pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner does not oppose the fee request. See Defendant's Response to Plaintiff's Petition for Attorney Fees (docket entry 23). Being fully advised in the premises, the Court finds as follows:

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. Breaux v. U.S.D.H.H.S., 20 F.3d 1324 (5th Cir.1994). The Commissioner does not contest that the

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the acting Commissioner of the Social Security Administration.

plaintiff is entitled to recover fees, and therefore does not contest that the plaintiff is the prevailing party. Nor does the government contend that its position was substantially justified.

The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." Yoes v. Barnhart, 467 F.3d 426, 426 (5th Cir. 2006)(citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." Id.

The plaintiff requests attorney fees of 5.5 hours at $184.13/hr. ($1,011.72); 21.0 hours at $187.00/hr. ($3,927.00); and 1.0 hour at 189.50/hr. ($189.50), for a total of $5,129.22. The rates charged by the plaintiff's attorney are in keeping with recent attorney fee awards by federal district courts in

Mississippi.  See, e.g., Moore v. Colvin, 2014 WL 2480083 (N.D. Miss. June 3, 2014); Forrest v. Colvin, 2014 WL 51442 (N.D. Miss. Jan. 7, 2014).  The government makes no challenge to the hourly rates requested, and the Court finds the hourly rates reasonable.  As for the number of hours expended, the Court has reviewed counsel's itemization of fees and finds that it also is reasonable.  In the absence of any objection by the government, the Court finds that the attorney fees requested were reasonably incurred and should be awarded.

In Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010), the Supreme Court held that EAJA fees are payable to litigants, not their counsel.  In addition, attorney fees awards are subject to offset where the claimant has outstanding federal debts.  Id., at 2528.  Therefore, the Court finds it appropriate to direct that payment be made to the plaintiff for the benefit of his attorney.

Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Petition for Attorney Fees **(docket entry 21)** is GRANTED, and the Commissioner shall pay the plaintiff a total of $5,129.22 for the benefit of his attorney (the law office of Gary R. Parvin).

SO ORDERED, this the 8th day of October, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE